Ex parte, José Rebollo López, peticionario.

No. 93. *Resuelto:* Febrero 24, 1934.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

José Rebollo López, graduado de la "American School of Correspondence" de Chicago, Illinois, solicita nuevamente que se le admita al ejercicio de la abogacía sin examen invocando la Ley No. 78 de 1928 que en lo pertinente dice:

"... todo aquél que, siendo ciudadano de los Estados Unidos, graduado de abogado en alguna universidad acreditada de Europa o de Estados Unidos probare a satisfacción del Tribunal Supremo de Puerto Rico, que ha practicado durante cinco años por lo menos en algún bufete de un abogado autorizado para ejercer su profesión por el Tribunal Supremo de Puerto Rico..., en ambos casos con anterioridad a la aprobación de esta ley, podrá ser admitido a ejercer en las cortes de Puerto Rico, sin examen..."

Alega el peticionario que viene practicando la profesión de abogado en el bufete de un abogado admitido por este tribunal desde el 25 de noviembre, 1924, y siendo ello así, de su propia alegación se desprende que no contaba con los cinco años de práctica que exige la misma ley que invoca que empezó a regir el 11 de mayo, 1928.

Tampoco ha probado el peticionario que en su caso concurra otro de los requisitos exigidos por la ley, o sea, ser graduado de alguna universidad acreditada de Europa o Estados Unidos.

Los casos de *Ex parte Francisco López,* 34 D.P.R. 965, *Ex parte Enrique Ledesma,* 34 D.P.R. 970 y *Ex parte Rafael F. Marchán,* 35 D.P.R. 1077, que invoca el peticionario son muy distintos al suyo.

En el primero demostró Francisco López que se había graduado de abogado en el Northern Illinois College of Law, acreditado, el 24 de mayo de 1912, más de diez años con anterioridad a la aprobación de la Ley No. 17 de 1925, y que había practicado por lo menos durante cinco años en bufetes de varios abogados autorizados para ejercer su profesión ante este Tribunal.

En el segundo Enrique Ledesma Figueroa probó haberse graduado en la Universidad de Barcelona, España, acreditada, el 30 de marzo de 1894, más de diez años con anterioridad a la aprobación de la Ley No. 17 de 1925, y haber practicado durante cinco años por lo menos en el bufete de un abogado autorizado para ejercer ante esta Corte Suprema.

Y en el tercero Rafael F. Marchán demostró al igual que los anteriores que se graduó de abogado con más de diez años de anterioridad a la aprobación de la ley en un colegio acreditado de los Estados Unidos, el Northern Illinois College of Law, y que practicó en el bufete de un abogado autorizado para ejercer ante este tribunal durante cinco años por lo menos con anterioridad a la aprobación de dicha ley.

La ley aplicada en los casos de López, Ledesma y Marchán, supra, fué la No. 17 de 1925 para enmendar la sección

4 de la Ley No. 38 determinando reglas para el ejercicio de la abogacía, de 1916. Leyes de 1925, pág. 135. Dicha sección fué otra vez enmendada por la Ley No. 78 de 1928 (Leyes de 1928, pág. 533) que invoca el peticionario, exigiendo la ciudadanía de los Estados Unidos y eliminando el requisito de que la graduación en universidad acreditada hubiera tenido lugar con 10 años de antelación a la vigencia de la ley. La enmienda favorece al peticionario en el sentido de que si su diploma expedido en 1931 lo hubiera sido por una universidad acreditada, sería suficiente, pero jamás podría aplicarse la ley tal como quedó enmendada a su caso, porque subsistió el requisito de la práctica por cinco años con anterioridad a la vigencia de la ley, requisito con que no cuenta el peticionario.

*Bajo cualquier aspecto que el caso se considere debe, pues, negarse la solicitud.*